YARRUT, Judge.
This litigation is between the daughter (Appellant) by a former marriage of her deceased father, and the widow by his second marriage and testamentary executrix of his estate (Appellee). Appellant sued for her one-fourth legitime; for the collation of inter vivos donations made by her father; and to annul his bequest of the usufruct of his estate to Appellee, contending it impinged upon her legitime.
The judgment complained of fixed the legitime of Appellant in the succession of her father, insofar as it bears upon certain property, shares of stock, in the name of Jean Ann Sarrazin, only daughter of decedent by his second marriage, which was collated fictitiously to the mass.
Appellant charges the district court improperly offset $1,600.00 against her one-fourth ($2,435.75) of decedent’s net estate by fictitiously collating it; and improperly denied her a new trial so she could refute the testimony admitted to prove affirmative defenses not pleaded.
Appellee answered the appeal urging, for the first time, the prescription of five and ten years, and exceptions of no right or cause of action; or, in the alternative, that the judgment be amended to delete therefrom the value of the shares of stock fictitiously collated; and for the denial of Appellant’s request for a new trial. Appellee also objects to the inclusion in the record of certain succession proceedings not offered or introduced at the trial.
Decedent, Felix L. Sarrazin, died testate on September 12, 1960, leaving Appellee as surviving widow in community, and two children: Appellant, child by a prior marriage, and Jean Ann Sarrazin, child of the second marriage. By the terms of his will, deceased left the disposable portion and the usufruct of his entire estate to his widow, Appellee. The lower court, in a prior decree, held this usufruct could not bear against the legitime.
In decedent’s bank box were 479 shares of stock of the Life and Casualty Insurance *105 Company of Tennessee; ten shares of the capital stock, and one $1,000.00 debenture, of the T. Milton Hynes Corp.; all in the name of Jean or Jean Ann Sarrazin, listed only in a supplemental inventory.
Appellee filed an answer to Appellant’s demands, making certain denials and admissions, but no special pleas of payment, compensation, or offset.
The district judge concluded the 479 shares of Life and Casualty Insurance Company, in the name of Jean Ann Sarrazin, were donated to her by decedent, and had to be collated; and that decedent had “donated” $1,600.00 in cash to Appellant. This latter finding was based solely upon the testimony of Appellee that decedent gave this money to Appellant in discharge of a natural obligation pursuant to the wishes of decedent’s then deceased mother, Mrs. Felix L. Sarrazin, Sr. The district judge then added the value of the 479 shares of stock ($8,143.00) to the $1,600.00 cash supposedly given Appellant, and divided the total by four for a figure of $2,435.75. From this last amount he deducted the $1,600.00 from Appellant’s one-fourth, fixing her net legi-time at $835.75.
Appellant contends the executrix’s testimony regarding the $1,600.00 is inaccurate as shown by the record in the Succession of Mrs. Felix Sarrazin, Sr., (decedent’s mother) Docket No. 271-787, of the Civil District Court for the Parish of Orleans, in which two judgments of possession were rendered. The first judgment was predicated upon an allegation that she died intestate, and put him into possession of her entire estate as her sole heir. Her original inventory lists certificates for 152 shares of stock of Life and Casualty Insurance Company of Tennessee, found in the bank box of decedent, but in the name of Jean Sarrazin or Jean Ann Sarrazin. The supplemental inventory lists a certificate dated October 26, 1946, for 152 shares, in the name of Jean Sarrazin.
During the administration of Mrs. Felix Sarrazin, Sr.’s succession, her last will and testament was probated. By its terms she left one-half to decedent (her son), and the other one-half to Appellant (her grand-daugher); decedent was named testamentary executor. A judgment of possession was then rendered in conformity with her testament. Appellant admits she did receive $1,600.00 from her father, but insists it was in satisfaction of her share of Mrs. Sarrazin’s (her grandmother’s) estate of $6,353.72.
Appellant contends the first intimation she had that Appellee would contend the $1,600.00 given to her by decedent was the payment of a natural obligation, rather than her adjudicated part of her grandmother’s succession, was when Appellee took the stand to so testify, over counsel’s objection, that such testimony was inadmissible and contrary to LSA-C.C.P. art. 1005, reading:
“The answer shall set forth affirmatively * * * extinguishment of the obligation in any manner * * * and any other matter constituting an affirmative defense. * * * ”
LSA-C.C. art. 1502 provides that a disposition of property, either inter vivos or mortis causa, which is in excess of the disposable portion allowed by law, is reducible.
LSA-C.C. art. 1503 provides that an excessive donation retains all its effect during the lifetime of the donor; and LSA-C.C. art. 1504 restricts the right to reduce excessive donations to forced heirs of the donor, of which Appellant is one. The pertinent part of LSA-C.C. art. 1505 fixing the formula for calculating the disposable portion provides that an aggregate is formed of all the property belonging to the donor or testator at the time of his decease; to that is fictitiously added the property disposed of by donation inter vivos, according to its value at the time of the donor’s decease, in the state in which it was at the period of the donation, from which is deducted the debts due by the estate, and the disposable quantum is calculated on the balance.
*106 LSA-C.C. art. 3542 fixes a prescriptive period of five years for an action to reduce an excessive inter vivos donation, which begins either from the date of death of the decedent where the donation is inter vivos, or from the probate of the will where the donation is mortis causa.
An exception was recognized in Gahn v. Brown, 160 La. 790, 107 So. 576 (1926), where it was held that prescription acqui-rendi liberandi began to run against the action of forced heirs for reduction when the legatee under the will has been recognized and sent into possession by a judgment of a court of competent jurisdiction. In Guidry v. Caire, 181 La. 895, 160 So. 622 (1935), a donation of property made 65 years prior to the decedent’s death was brought back into the estate for the purpose of determining the legitime due to forced heirs.
 The district court was correct in deciding that the value of the 479 shares in Life and Casualty Insurance Company of Tennessee should be fictitiously collated; but was in error in allowing the deduction of $1,600.00 from Appellant’s legitime.
Since Appellant claims she was surprised by testimony of a special defense which was not pleaded; and Appellee that succession proceedings are part of the record on appeal, not introduced in the district court, we have decided to remand the case with instructions.
The judgment of the district court is annulled and set aside only with respect to the $1,600.00 deduction from Appellant’s legi-time of $2,435.75; otherwise affirmed; and the case remanded to the district court for further hearing regarding this $1,600.00 deduction, giving to both parties the right to further plead and introduce competent evidence with reference thereto; costs of court to await the final disposition on appeal.
Judgment affirmed in part, annulled in part and case remanded for further proceedings.